O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CARLOS ANGEL, | ) | Case No. SACV 14-633-AG (OP) |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | MEMORANDUM AND ORDER RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254) AS SUCCESSIVE |
| PARAMO, Warden, | ) | |
| Respondent. | ) | |

**I.**

**INTRODUCTION**

On April 21, 2014, Carlos Angel ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal without prejudice as successive.

/ / /

1

## II.

## PROCEDURAL HISTORY

A.    State Proceedings.

On March 7, 2007, Petitioner was convicted after a jury trial in the Orange County Superior Court, case number 06CF0754, of three counts of kidnaping to commit robbery (Cal. Penal Code § 209(b)(1)), three counts of kidnaping a child for ransom (Cal. Penal Code § 209(a)), one count of first-degree robbery at an automated teller machine (Cal. Penal Code §§ 211, 212.5(b)), three counts of second-degree robbery (Cal. Penal Code §§ 211, 212.5(c)), and two counts of making criminal threats (Cal. Penal Code § 422).  (Pet. at 2; SACV 10-1139-AG (OP) CM/ECF No. 19 at 2.)  On April 16, 2007, the court imposed an aggregate determinate sentence of six years for the first-degree and second-degree robberies. (Id.; SACV 10-1139 ECF No. 19 at 2.)  Consecutive to the determinate term, the court sentenced Petitioner to concurrent sentences of life with the possibility of parole on one count each of the kidnaping to commit robbery and kidnaping a child for ransom convictions.  (Id.; SACV 10-1139 ECF No. 19 at 2.)  The court stayed sentencing on all other convictions (Cal. Penal Code § 654).  (Id.; SACV 10-1139 ECF No. 19 at 2.)

Petitioner appealed the conviction to the California Court of Appeal. (SACV 10-1139 ECF No. 19 at 3.)  On May 30, 2008, the court of appeal affirmed the judgment.  (Id.)

Petitioner filed a petition for review in the California Supreme Court.  (Id.) On August 13, 2008, the supreme court denied the petition for review.  (Id.)

On April 30, 2009, Petitioner constructively filed a habeas corpus petition in the Orange County Superior Court.  (Id.)  On August 14, 2009, the superior court determined that the petition was untimely and denied it on that basis.  (Id.) The court also found that Petitioner's first three claims (violation of right to a speedy trial, prosecutorial misconduct, and improper police procedures and

1  statements), should have been raised on appeal, and that the fourth claim

2  (insufficient evidence) was considered and resolved on appeal.  (Id.)  The court

3  also found Petitioner's fifth claim (ineffective assistance of counsel) to be without

4  merit.  (Id.)

5       On September 25, 2009, Petitioner constructively filed a Motion for

6  Modification of Sentence in the California Court of Appeal, which that court

7  treated as a habeas corpus petition.  On October 22, 2009, the court of appeal

8  denied the petition without comment or citation to authority.  (Id.)

9       On February 18, 2010, Petitioner constructively filed a habeas corpus

10  petition in the California Supreme Court.  (Id.)  On September 1, 2010, while the

11  current Petition was pending, the state supreme court denied the petition.  (Id.)

12  **B.    Federal Habeas Proceedings.**

13       On July 10, 2010, Petitioner constructively filed a Petition for Writ of

14  Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.

15  (SACV 10-1139 ECF No. 1.)  In that petition, Petitioner challenged the same

16  March 7, 2007, conviction in the Orange County Superior Court, case number

17  06CF0754, that he challenges in the current Petition.  (Id.)  On April 6 and 7,

18  2011, an Order and Judgment were entered denying the Petition as untimely and

19  dismissing the action with prejudice.  (Id. ECF Nos. 20, 22.)  On April 7, 2011, an

20  Order was entered denying the issuance of a certificate of appealability.  (Id. ECF

21  No. 21.)  On July 27, 2012, an Order was entered by the Ninth Circuit also

22  denying the issuance of a certificate of appealability.  (Id. ECF No. 26.)  There is

23  no indication on the Court's docket or otherwise that Petitioner has obtained

24  approval from the Ninth Circuit to file a successive habeas petition challenging the

25  aforementioned conviction.

26  / / /

27  / / /

28  / / /

3

**III.**

**DISCUSSION**

**A.      Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).

Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in pertinent part that:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have

1    been discovered previously through the exercise of due

2    diligence; and

3    (ii) the facts underlying the claim, if proven and viewed

4    in light of the evidence as a whole, would be sufficient to

5    establish by clear and convincing evidence that, but for

6    constitutional error, no reasonable factfinder would have

7    found the applicant guilty of the underlying offense.

8    (3)(A) Before a second or successive application permitted by this

9    section is filed in the district court, the applicant shall move in the

10   appropriate court of appeals for an order authorizing the district court

11   to consider the application.

12   28 U.S.C. § 2244(b).

13   Generally speaking, a petition is second or successive if it raises claims that

14   were or could have been adjudicated on the merits in a previous petition.  Cooper

15   v. Calderon, 274 F.3d 1270, 1273 (9th  Cir. 2001).  Moreover, although a

16   dismissal based upon the statute of limitations does not include an examination of

17   the merits of the underlying substantive claims presented in the petition, such a

18   dismissal is considered an adjudication of the merits for purposes of determining

19   whether a subsequent petition is successive under the AEDPA.  McNabb v. Yates,

20   576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as

21   time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits

22   and renders a subsequent petition second or successive for purposes of 28 U.S.C. §

23   2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

24   As set forth above, before a second or successive application permitted

25   under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the

26   appropriate court of appeals for an order authorizing the district court to consider

27   the application.  28 U.S.C. § 2244(b)(3)(A).  Furthermore, "[a] district court shall

28   dismiss any claim presented in a second or successive application that the court of

1 appeals has authorized to be filed unless the applicant shows that the claim

2 satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4); see also

3 Cooper, 274 F.3d at 1274 (once petition recognized as "second or successive"

4 under § 2244(b), district court lacks jurisdiction to consider petition absent

5 authorization from court of appeals) (citations omitted).

6 **B.    Analysis.**

7        It appears from the face of the Petition that Petitioner is challenging the

8 same March 2007 Orange County Superior Court conviction, case number

9 06CF754, as in the prior § 2554 petition filed in this District. (Compare SACV

10 10-1139 ECF No. 1; SACV 14-633 ECF No. 1.) On April 6 and 7, 2011, an Order

11 and Judgment were entered denying the Petition as untimely and dismissing the

12 action with prejudice. (Id. ECF Nos. 20, 22.) On April 7, 2011, an Order was

13 entered denying the issuance of a certificate of appealability. (Id. ECF No. 21.)

14 On July 27, 2012, an Order was entered by the Ninth Circuit also denying the

15 issuance of a certificate of appealability. (Id. ECF No. 26.)

16        In the current Petition, Petitioner seeks to raise additional claims that were

17 not presented in his prior § 2254 petition. (Pet. at 3, 4.) Since the current Petition

18 is successive, Petitioner must seek an order from the Ninth Circuit authorizing this

19 Court to consider the Petition. 28 U.S.C. § 2244(b)(3)(A). This Court finds no

20 indication that Petitioner has obtained such approval prior to the filing of the

21 current Petition. Thus, this Court lacks jurisdiction to address the merits of the

22 Petition. See 28 U.S.C. § 2244(b)(3); Cooper, 274 F.3d at 1274 (stating that

23 failure to request the requisite authorization to file a second or successive § 2254

24 petition from the circuit court deprives the district court of jurisdiction).

25 ///

26 ///

27 ///

28

1

**IV.**

2

**ORDER**

3          IT IS THEREFORE ORDERED that the Petition is hereby dismissed

4    without prejudice as successive, and Judgment shall be entered accordingly.

5          The Deputy Clerk of the Court is directed to send Petitioner a copy of this

6    Order.

7

8    DATED: May 31, 2014

9                                                                    HONORABLE ANDREW J. GUILFORD
                                                                     United States District Judge

10

11

      Presented by:

12

13

14    HONORABLE OSWALD PARADA
      United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28